UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

CLAUDIO NUNEZ,

                Petitioner,

   -against-

GEORGE DUNCAN, Superintendent,
Great Meadow Correctional Facility,

                Respondent.

----------------------------------------------------------x

**MEMORANDUM AND ORDER**

07-CV-1086 (BMC)

**COGAN**, United States District Judge:

On March 9, 2007, the Court received Mr. Nunez's letter in which he seeks to file a petition for a writ of habeas corpus. Mr. Nunez is incarcerated at Great Meadows Correctional Facility. Mr. Nunez is advised that the Court cannot act upon a letter. In order to commence a civil action in federal court challenging his custody, he must file a petition for a writ of habeas corpus. In light of Mr. Nunez's *pro se* status, however, the Clerk of Court has been directed to assign a docket number to this case solely for the purpose of this Order. The Court does not address the merits of any of Mr. Nunez's claims at this time. In order to proceed with this action, Mr. Nunez must file a petition for a writ of habeas corpus within 30 days from the date of this Order.

Mr. Nunez is further advised that the Clerk of Court has identified the respondent as the custodian of the facility where he is currently incarcerated based on the information provided in his letter and that such designation is solely for the purpose of this Order. This respondent is not required to respond to Mr. Nunez's letter. Should Mr. Nunez file a petition for a writ of habeas corpus, the respondent shall be identified in the caption and the Clerk of Court shall amend the

instant case caption accordingly.

Finally, petitioner is advised that in order to bring a petition for a writ of habeas corpus, a petitioner must first exhaust the remedies available in the state court or show that "there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(B)(i)-(ii). To meet the exhaustion requirement, federal claims must be presented to the highest state court before a federal court may consider the petition. Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General, 696 F.2d 186, 190-92 (2d Cir. 1982). Therefore, if petitioner's criminal case is ongoing, his habeas petition would be premature at this time.[1]

---

[1] Petitioner is advised that the Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, provides a one year statute of limitations for seeking federal habeas corpus review which runs from the date a conviction is made final as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(i).

## CONCLUSION

The Court hereby grants Mr. Nunez 30 days leave in order to file a completed petition for a writ of habeas corpus and proceed with this action. The Clerk of Court is directed to include a form petition for a writ of habeas corpus.[2] The petition must bear the docket number 07-CV-1086. If Mr. Nunez fails to comply with this Order within the time allowed, the case shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**The Clerk of the Court is directed to mail a copy of this Order and the attached habeas petition form to plaintiff *pro se*.**

**SO ORDERED.**

/S/

_____
Brian M. Cogan
United States District Judge

Dated:
   Brooklyn, New York
   March 16, 2007

---

[2] Petitioner must answer all applicable questions on the form petition and set forth what steps he has taken to exhaust his available state remedies on the claims he presents for federal review.